IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**LARRY C. WEST,**

      **Plaintiff,**

      v.                                       **CIVIL ACTION NO. 2:06cv640**

**G.C. WALL,**

      **Defendant.**

### *AMENDED MEMORANDUM OPINION & ORDER*

Larry C. West ("Plaintiff") alleges that G.C. Wall ("Defendant"), a detective in the homicide squad of the Norfolk Police Department, was negligent in the investigation of the death of Plaintiff's son, PaShaun West. This matter now comes before the Court on Defendant's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Also, on March 8, 2007, Plaintiff filed a motion to allow new evidence subject to defect.[1] Having carefully reviewed the parties' pleadings, the Court finds this matter ripe for judicial determination. For the reasons below, Plaintiff's motion to allow new evidence is **GRANTED** and Defendant's motion to dismiss is **GRANTED**.

---

[1] Although Plaintiff's motion to allow new evidence was filed subject to defect, the Court **ORDERS** it filed.

## I. FACTUAL AND PROCEDURAL HISTORY

Plaintiff's complaint centers on the Norfolk Police Department's investigation concerning his son's apparent suicide in November, 2004. Plaintiff's son was an enlisted member of the United States Navy. According to the United States Naval Criminal Investigative Service Report attached to Plaintiff's complaint, Plaintiff's son reported for work on the USS LEYTE GULF on November 18, 2004. Plaintiff' son left the ship around lunch time and was found dead in his apartment on November 19, 2004. According to the autopsy report attached to Plaintiff's complaint, the medical examiner concluded that the police investigation and autopsy results were consistent with a suicidal drowning.

Plaintiff filed the complaint on November 9, 2006. The case was transferred to the Norfolk Division on November 13, 2006. On November 16, 2006, the Court issued an Order staying destruction of evidence relating to this case. Defendant filed the instant motion to dismiss on December 28, 2006. Plaintiff filed a response on January 16, 2007.

## II. LEGAL STANDARD

The Court first notes that *pro se* complaints are to be construed liberally. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277-78 (4th Cir. 1985); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). The United States Court of Appeals for the Fourth Circuit has stated that, "the Court in considering the defendants' motion to dismiss will not permit technical pleading requirements to defeat the vindication of any constitutional rights which the plaintiff alleges, however inartfully, to have been infringed." *Gordon*, 574 F.2d at 1151. However, *Gordon* "does not

require . . . courts to conjure up questions never squarely presented to them." *Beaudett*, 775 F.2d at 1278.

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of actions that fail to state a claim upon which relief can be granted. Although courts may only rely upon the complaint's allegations and those documents attached as exhibits or incorporated by reference, *see Simons v. Montgomery County Police Officers*, 762 F.2d 30, 31 (4th Cir. 1985), courts will favorably construe the allegations of the complainant, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), and assume that the facts alleged in the plaintiff's complaint are true. *See McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 327 (4th Cir. 1996). A court will only grant a motion to dismiss if "it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of his claim." *Johnson v. Mueller*, 415 F.2d 354, 354 (4th Cir. 1969).

### III. DISCUSSION

**A. Defendant's Motion to Dismiss**

Plaintiff's complaint primarily expresses Plaintiff's displeasure with the investigation of the Norfolk Police Department in general and Defendant in particular into Plaintiff's son's death. Plaintiff complains that Defendant has denied Plaintiff the right to examine objects found in Plaintiff's son's apartment. Plaintiff also complains about the Norfolk Police Department's handling of the investigation. Plaintiff alleges a cover-up and makes several inferences that his son's death was not caused by suicide, but rather by possible foul play.

Liberally construing Plaintiff's complaint, Plaintiff appears to be asserting a claim based on the denial of a federal right. The usual cause of action for such a claim lies under 42 U.S.C. § 1983 (2000). This statute provides a cause of action for "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. In order for § 1983 to apply to a state official's actions, "the official's actions must have violated a legal right of the plaintiff." *Sattler v. Johnson*, 857 F.2d 224, 226 (4th Cir. 1988).

There is no constitutional right to a criminal prosecution. *Id.* at 227. Therefore, Plaintiff cannot maintain an action based upon his assertions that Defendant did not investigate any other persons who may have been responsible for Plaintiff's son's death. Plaintiff makes the argument that this was not a criminal investigation but an undetermined death investigation. However, the thrust of Plaintiff's complaint is that Defendant was negligent in not pursuing certain evidence that would lead to a homicide prosecution. Plaintiff has no right to any homicide investigation. *Id.* The Court also notes that, to the extent Plaintiff is requesting the criminal prosecution of another, Plaintiff lacks standing. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) (stating that, "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."). In short, Plaintiff claims that Defendant was grossly negligent in handling the investigation of Plaintiff's son's death by not properly following certain leads that would point toward homicide. As Plaintiff has no right to any criminal investigation, Plaintiff's claim on this ground must be dismissed.

Plaintiff's complaint may also be construed as alleging a claim under the Freedom of Information Act, 5 U.S.C. § 552 (2000) ("FOIA"). Plaintiff requests the content of certain 911 calls, any information recorded on a piece of paper found in Plaintiff' son's apartment, and the right to examine a knife found in the apartment. The FOIA applies to government agencies, 5 U.S.C. § 552(a), and incorporates the definition of "agency" found in 5 U.S.C. § 551(1) (2000). 5 U.S.C. § 552(f)(1). That section defines "agency" as "each authority of the Government of the United States," with several exceptions not relevant in the instant case. 5 U.S.C. § 551(1). The federal FOIA, therefore, does not apply to municipal police departments. *See Grand Cent. P'ship, Inc. v. Cuomo*, 166 F.3d 473, 484 (2d Cir. 1999); *Kerr v. United States Dist. Court*, 511 F.2d 192, 197 (9th Cir. 1975), *aff'd*, 426 U.S. 394 (1976); *Rankel v. Town of Greenburgh*, 117 F.R.D. 50, 54 (S.D.N.Y. 1987). Plaintiff's complaint indicates that Plaintiff has made a request under the Virginia Freedom of Information Act, Va. Code Ann. §§ 2.2-3700 et. seq. (2005). The Virginia Freedom of Information Act does not provide an independent basis for this Court's jurisdiction, and Plaintiff's remedy under this state statute is in Virginia state court.

**B. Plaintiff's Motion to Allow New Evidence**

On March 8, 2007, Plaintiff filed a motion to allow new evidence. The Court will liberally construe this motion as a motion to amend Plaintiff's complaint. Plaintiff's motion seeks to introduce the results of a new autopsy report on Plaintiff's son. Nothing in plaintiff's new motion changes Plaintiff's failure to state a claim. Therefore, Plaintiff's motion to amend is **GRANTED**; however, Plaintiff's complaint still fails to state a claim upon which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion to dismiss. It is **ORDERED** that the stay placed upon the destruction of evidence in this case be lifted.

Plaintiff is **ADVISED** that he may appeal from this final order by forwarding a written notice of appeal to the Clerk of the United States District Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510. Said written notice must be received by the Clerk within thirty (30) days from the date of this order.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to the parties.

**IT IS SO ORDERED**.

_____/s/_____
Raymond A. Jackson
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
March 15, 2007